UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-61077-CIV-ROSENBAUM/SELTZER

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

v.

SCOTT A. HAIRE and WOUND
MANAGEMENT TECHNOLOGIES,
INC.,

      Defendants.
_____/

## FINAL JUDGMENT AS TO DEFENDANT
## WOUND MANAGEMENT TECHNOLOGIES, INC.

This matter is before the Court upon Plaintiff Securities and Exchange Commission's Motion for Entry of Final Judgment of Permanent Injunction and Other Relief [D.E. 25] as to Defendant Wound Management Technologies, Inc. ("Wound Management"). The Securities and Exchange Commission ("SEC") filed its Complaint against Wound Management and Defendant Scott A. Haire on June 4, 2012. D.E. 1. Subsequently, the SEC filed this Motion to enter an agreed judgment against Wound Management. D.E. 25. Attached to the SEC's Motion is Wound Management's Consent to entry of judgment, in which Wound Management enters a general appearance, admits the Court has jurisdiction over it and the subject matter of this action, consents to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction), and waives findings of fact and conclusions of law under Rule 52, Fed. R. Civ. P., and waives any right to appeal from this Final Judgment. Accordingly, it is **ORDERED and ADJUDGED** that Plaintiff's Motion for Entry of Final Judgment of

Permanent Injunction and Other Relief [D.E. 25] is **GRANTED** and judgment is entered against Wound Management as follows:

## I.  PERMANENT INJUNCTION[1]

### A.  SECTION 17(a) OF THE SECURITIES ACT OF 1933

Wound Management and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a)(1) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a)(1), by, in the offer or sale of any security, using any means or instruments of transportation or communication in interstate commerce or the mails, directly or indirectly, to employ any device, scheme, or artifice to defraud involving:  the payment of undisclosed compensation in the form of cash, stock, or any other item of value to any investment advisor, manager, or trustee, or to any person associated with such investment advisor, manager, or trustee; or the manipulation of the price or volume of any security.

### B. SECTION 10(b) OF THE SECURITIES EXCHANGE ACT OF 1934

Wound Management and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by

---

[1] The Eleventh Circuit has held that injunctions merely requiring a party to "obey the law" fail to meet the specificity demanded by Rule 65(d), Fed. R. Civ. P.  *See SEC v. Goble*, 682 F.3d 934, 949-50 (11th Cir. 2012).  However, the Eleventh Circuit also recognized the need for "some breadth" in SEC enforcement actions and stated that "a broad, but properly drafted injunction, which largely used the statutory or regulatory language may satisfy the specificity requirement of Rule 65(d) so long as it clearly lets the defendant know what he is ordered to do or not do." *Id.* at 952.  Here, although the agreed injunction makes reference to statutory and regulatory language and citations, it also includes specific language detailing the conduct in which Wound Management is prohibited from engaging.  Further, the fact that Wound Management has agreed and consented to the terms of the injunction mitigates any concern that Wound Management would be unaware of the conduct the injunction proscribes it from undertaking.

personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Exchange Act Rule 10b-5(a) and (c), 17 C.F.R. § 240.10b-5(a) and (c), by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

1) to employ any device, scheme, or artifice to defraud involving: the payment of undisclosed compensation in the form of cash, stock, or any other item of value to any investment advisor, manager, or trustee, or to any person associated with such investment advisor, manager, or trustee; or the manipulation of the price or volume of any security; or

2) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person involving: the payment of undisclosed compensation in the form of cash, stock, or any other item of value to any investment advisor, manager, or trustee, or to any person associated with such investment advisor, manager, or trustee; or the manipulation of the price or volume of any security.

## II. CIVIL PENALTY

Wound Management shall pay a civil penalty in the amount of $20,000 to the SEC pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d) and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). Wound Management shall make this payment within fourteen (14) days after entry of this Final Judgment.

Wound Management may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made

directly from a bank account or by credit or debit card via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Wound Management may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

>  Enterprise Services Center
>  Accounts Receivable Branch
>  6500 South MacArthur Boulevard
>  Oklahoma City, OK 73169

and shall be accompanied by a letter identifying Wound Management as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment.

Wound Management shall simultaneously transmit photocopies of evidence of payment and case identifying information to Adam Schwartz, Esq., Securities and Exchange Commission, 801 Brickell Avenue, Suite 1800, Miami, FL 33131. By making this payment, Wound Management relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury. Wound Management shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

Wound Management agrees that it shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that he pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Wound Management further agrees that it shall not claim, assert, or apply for a tax deduction or tax credit with regard to any

federal, state, or local tax for any penalty amounts that Wound Management pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

### III.  INCORPORATION OF WOUND MANAGEMENT'S CONSENT

Wound Management's Consent [D.E. 25-1] is incorporated herein with the same force and effect as if fully set forth herein, and that Wound Management shall comply with all of the undertakings and agreements set forth therein.

### IV.  RETENTION OF JURISDICTION

The Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

**DONE AND ORDERED** at Fort Lauderdale, Florida, this 15th day of January 2013.

*[signature]*

**ROBIN S. ROSENBAUM**
**UNITED STATES DISTRICT JUDGE**